## Parks (now Crooker) v. Parks.

(Decided May 19, 1925.)

### Appeal from Boyle Circuit Court.

1. Parent and Child—Parents are Under Natural Obligation to Support and Maintain their Children.—Parents are under a natural obligation to support and maintain their children, and primarily this duty falls on the father.

2. Divorce—Judgment Held Not Res Adjudicata of Action for Future Allowances for Support of Child Awarded to Wife.—Judgment in divorce action on petition seeking both custody and maintenance of minor child, awarding custody of child to the wife, though silent as to maintenance, held not res adjudicata of action for future allowances for support of such child, in view of Kentucky Statutes, section 2123.

3. Divorce—Court has Jurisdiction to Revise Order for Custody and Maintenance to Conform to Infant's Necessities.—Under Kentucky

Statutes, section 2123, court granting divorce has jurisdiction to revise orders for custody and maintenance to conform to infant's necessities as they arise, and to any change in financial condition of parents, which may be done on petition of either parent.

4. Divorce—Proper Practice is to Retain Divorce Action on Docket to Make and Enforce Orders for Maintenance.—Proper practice is to retain a divorce action on docket for purpose of making and enforcing orders for maintenance.

5. Judgment—Rule of Res Adjudicata Applies to all Matters which Might be Included in Judgment.—Rule of res adjudicata is applied to all parties and privies, not only as to matters actually embraced in judgment, but as to all other matters directly appertaining thereto, which might have been included therein.

6. Divorce—Judgment is Res Adjudicata Only to Parties and Privies. —Judgment of divorce is res adjudicata only to parties and privies.

7. Divorce—Father Not Absolved from Parental Obligation by Decree.—While acceptance by wife of custody of children after a decree of divorce makes her primarily liable for their support and maintenance, it does not absolve father from his parental obligation.

8. Divorce—Statute Authorizes Court to Make Reasonable Allowance for Past Expenditures by Wife in Support of Minor Child when Husband Outside Jurisdiction.—Kentucky Statutes, section 2123, authorizing revision of divorce decree as to custody and maintenance of minor children, authorizes court to make a reasonable allowance for past expenditures by the wife, for child's maintenance and education, if husband has been beyond court's jurisdiction, and this should have been done previously, but to extend back no further than time service of process could not reasonably be had.

EMMETT PURYEAR for appellant.

C. C. BAGBY and HENRY JACKSON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In a divorce proceeding between Margaret and Huston Parks in the Boyle circuit court in the year 1910 the wife was awarded a divorce and the custody of their infant son, Leon, and alimony at the rate of $20.00 per month, so long as she remained unmarried, no reference being made in the judgment to maintenance.

The parties were young and had but little if any property, though the parents of each appear to have been in comfortable circumstances. Since that time the mother, with the aid of her father, has supported and cared for Leon, and paid for his education.

The husband has moved to Oklahoma and married again, and it appears is fairly prosperous, but has never contributed anything toward his son's support. In August, 1920, Margaret Parks, who has since remarried, filed this action in equity in the Boyle circuit court, seeking to recover from Huston Parks certain sums which she had paid out in the maintenance and education of Leon, "and for an order and judgment making proper provision for the future support, maintenance and education of said Leon Parks," and concluding with a prayer for general relief. A demurrer to the petition was overruled. Defendant answered, traversing the items of expenditure claimed; pleading the judgment in the divorce case as *res judicata* and relying on the five-year statute of limitations. The case was referred to the master commissioner, who on proof heard, reported the reasonable expenditures paid by plaintiff for the support and maintenance and education of Leon during the five years preceding the filing of the action, to be the sum of $600.00 annually.

On final hearing the court reached the conclusion that the judgment in the divorce case was a bar to the action and dismissed the petition. Plaintiff appeals.

In holding that the original judgment was *res judicata* as to future allowances for maintenance, the lower court was clearly in error. Parents are under a natural obligation to support and maintain their children and primarily this duty falls upon the father. Ragsdale v. Commonwealth, 195 Ky. 750; Commonwealth v. Donovan, 187 Ky. 779. True the petition in the divorce case sought both custody and maintenance, and the judgment was silent as to the latter, but it must not be overlooked that maintenance is for the child and not for the mother.

If the judgment is construed as determining the rights of the parties litigant only, and as leaving to the father's discretion the manner in which he will discharge his natural obligations to his child, it is clear that the doctrine of *res judicata* does not apply to a proceeding for future allowances. On the other hand, if the silence of the judgment on the subject is to be construed as ignoring the child's claims upon the father and as placing the burden of maintenance upon the mother alone, it must be upon the assumption that she has sufficient means for that purpose, or that as she is given and the father denied the services and companionship of the

child that he should be relieved of his parental obligation. If we assume the latter alternative, and further assume that this would preclude the mother from recovering expenditures made by her on the child's behalf (a question considered *infra*), nevertheless a proceeding for future allowances could be had under section 2123 Kentucky Statutes, which provides:

> "Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties, or children of unsound mind, or any of them, at any time afterward, upon the petition of either parent, revise and alter the same, having in all such cases of care and custody the interest and welfare of the children principally in view; . . . "

The court granting the divorce is thus given jurisdiction to revise or alter orders of custody and maintenance to conform to the infant's necessities as they arise, and to any change in the financial condition of the parents. This to be done on the petition of either parent.

No distinction is drawn between orders granting or refusing maintenance, or such as are silent on the question, hence if this question was considered and determined in the original action, the case falls within the purview of the statute and the judgment or order may be altered or revised in this respect as therein prescribed. In such cases it is proper practice to retain the case on the docket for the purposes indicated and to enforce such orders. Day v. Day, 168 Ky. 68; Griffin v. Griffin, 173 Ky. 636; Davis v. C., N. O. & T. P. Ry. Co., 172 Ky. 55. And the court granting the divorce alone has jurisdiction to revise it. McNees v. McNees, 97 Ky. 152. The original judgment in this case directed the action to remain on the docket for future orders, but this does not appear to have been done. No doubt that case could have been reinstated and a supplemental petition filed asking for future maintenance. That practice was not followed here, but a direct action was brought in the same court, and all the facts recited and it could have been consolidated with the former suit and the same proceedings had as if filed therein. The statute does not indicate the form of practice and we do not think this material. It follows that the petition stated a cause of action

for future allowances, and the court erred in sustaining the demurrer and dismissing it.

2. The judgment being silent as to maintenance, may the mother recover for past expenditures for the child's maintenance and education?

This is a question that has not heretofore been presented to this court, but which has frequently arisen in other jurisdictions, and upon which there is a sharp conflict of authority, some of the decisions turning upon the particular facts of the case presented; others upon the construction of the acts involved, while a large number have been decided without reference to a statute.

In favor of the rule of *res judicata,* it is urged that the awarding of the custody of the children to their mother deprives the father of their services, and that support and service are in such cases reciprocal, that when the father is denied the custody of the children, his common law obligation is at an end and thereafter his duties are purely statutory; that it will be presumed that all necessary orders for the maintenance of the children are embodied in the decree which is conclusive as to the obligation of the husband, unless modified in proceedings had in the original action. Among the leading cases adopting this view are Hall v. Green, 87 Me. 122, 47 A. S. R. 314; Brown v. Brighten, 136 Mass. 187; Brown v. Smith, 19 R. I. 319, 30 L. R. A. 680; Ramsey v. Ramsey, 121 Ind. 215, 6 L. R. A. 682; Cushman v. Hassler, 82 Iowa 295.

On the other hand, it is contended with equal force that if a divorce is granted for the father's misconduct, it is his wrongful act that deprives him of their services, and not the court which intervenes for the protection of the child; that the severance of the marriage relation does not release his common law obligation, unless suitable provision is made for the children's maintenance, and when this is omitted the presumption is that the court deemed it best to leave the matter of support of the children to rest upon the father's legal liability until its further order in the premises. Spencer v. Spencer, 2 L. R. A. (N. S.) 851; Riggs v. Riggs, Ann. Cases 1915D 813; Evans v. Evans, 125 Tenn. 112, Ann. Cases 1913D 295; Alvey v. Hartwig, 106 Maryland 254; Pretzinger v. Pretzinger, 45 Ohio State 452, 4 A. S. R. 542; Zilley v. Dunwiddie, 98 Wis. 428, 67 A. S. R. 820; Gibson v. Gibson, 18 Wash. 489, 40 L. R. A. 587; Gully v. Gully, 231 S.

W. 97; Brown v. Brown, 132 Ga. 712; De Brauwere v.
De Brauwere, 38 L. R. A. (N. S.) 508. Decisions on both
sides of the question are collated in elaborate case notes
appended to the cases in A. S. R.; L. R. A. and Annotated
Cases cited, *supra.*

Here the judgment must be construed in connection
with our statute and with the rule of *res judicata,* which
in this jurisdiction is applied with full vigor to all parties
and privies not only as to the matters actually embraced
in the judgment but as to all other matters directly ap-
pertaining thereto which might have been included
therein. In the original action plaintiff sought an allow-
ance for maintenance of the infant child, and that matter
was clearly put in issue. Under the rule of *res judicata*
announced, *supra,* that decree would ordinarily seem to
be a final adjudication between the parties in reference
thereto, unless it was subsequently opened upon the peti-
tion of one or the other as provided in section 2123,
*supra.*

There are many reasons for upholding this rule aside
from those above stated; the court considering the case
is in possession of all the facts and understands the
financial condition of the parties at the time, and of their
then prospects in life as well as the conditions surround-
ing both. He fixes the status of the parties and starts
them as it were anew in life. Each of them can arrange
his or her affairs to meet this standard and can antici-
pate future obligations. This, however, is not irrevoc-
able, for the court still retains jurisdiction to alter
and revise the judgment at any time if changed condi-
tions demand it; and in which the parties are still af-
forded a standard for their guidance. Were it otherwise,
a father without any control of the child, and without be-
ing consulted as to its necessities, might be continually
harrassed with lawsuits for expenditures incurred by the
indiscretion or whim of an improvident mother, or even
by unexpected expenditures made by one who is ordi-
narily prudent.

We have not overlooked the fact that the judgment
is *res judicata* only to parties and privies. Infant chil-
dren are neither parties nor privies nor the subject of
barter. Their custody is not awarded the mother as a
consideration, but because it is to their interest that this
be done. Acceptance of their custody under such decree
makes her primarily liable for their support and main-

tenance, but it does not absolve the father from his parental obligation. It cannot be doubted that if under such circumstances, the mother was unable to support the child and necessaries were furnished to it by a third person, that the husband would be reasonably liable therefor. For instance, in dangerous illness, if the mother could not pay its necessary physician or hospital bills, can it be doubted that the father would be liable therefor? Indeed in the Ragsdale case, *supra*, it was held that the father could be prosecuted under section 331 of the statutes for neglecting his infant child, though it appeared that the mother had procured a divorce and had remarried. The record in that case does not show what the decree was in reference to custody. Presumably, however, it was given the mother, as the father was not claiming it. But while the father remains liable to third persons under such circumstances, for the reasons stated this principle does not in general apply to the wife.

Without departing from the general rule announced, *supra*, may the mother under such a decree recover for extraordinary expenses necessarily incurred which were not contemplated at the time the decree was entered, and which she has paid out of her separate estate?

An answer to this question depends to some extent upon the facts and circumstances of the case. The purpose of the law is to provide and maintain an equitable adjustment of parental burdens. In authorizing an alteration or revision of the decree at any time afterwards on petition of either party, the legislature did not mean that the parties should remain before the court all the time during the minority of the children, and that a supplemental decree could be rendered without notice to the adverse party. But it contemplated that the parties should remain within the jurisdiction of the court, that is within reach of its processes. If the husband moves out of the jurisdiction of the court, and so remains continuously for a long period of time, he renders the statute nugatory and the court without power to act further.

Such a litigant ought not be permitted to evade the letter and spirit of the statute as applied to himself, and at the same time use it as a weapon against his helpless adversary. It seems to us that in such a case the court is authorized to make a reasonable allowance for past expenditures upon the part of the wife, if it appears clearly from the evidence that this should have been done

previously in a proper proceeding for a revision of the decree, but to extend back no further than the time service of process could not reasonably be had. The statute does not in terms refer to revision as to future allowances, though evidently such were primarily contemplated, but in both letter and spirit it is also sufficiently comprehensive to include allowance for past expenditures in cases such as we have described and, perhaps in others, and we have no doubt of the right of the chancellor to exercise the jurisdiction indicated.

This case was practised on another theory, and it does not clearly appear from the evidence as to whether the conduct of the appellee falls within the rule laid down, *supra*.

On the return of the case the parties may, if they desire, reform their pleadings to conform to these views, and take further proof on the issues thus raised.

Wherefore, judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.