## Christie v. Christie, et al.

(Decided March 13, 1928.)

### Appeal from Marion Circuit Court.

1. Divorce.—Where record does not contain evidence in wife's divorce suit, nor contract on which defendant's counterclaim for half interest in certain personalty was based, undenied affirmative allegations of reply that contract provided that defendant should conduct himself in gentlemanly manner, and forfeit all claims to property if he struck or abused plaintiff, will be disregarded and reversal will not be ordered on ground that judgment on counterclaim is not supported by pleadings.

2. Divorce.—In view of presumption that omitted portion of record will support judgment, it will be conclusively presumed, on wife's appeal from judgment on husband's counterclaim in divorce suit for interest in personalty, that agreement on which counterclaim was based contained no provision that he should conduct himself in gentlemanly manner, and forfeit all claims to property if he struck or abused her, as alleged in reply without denial.

3. Divorce.—Wife, not asking allowance for maintenance of children pending application for divorce, on final judgment therefor, nor by subsequent petition, as authorized by Ky. Stats., sec. 2123, held not entitled to set off expenses incurred for their past maintenance against husband's judgment on counterclaim for interest in personalty, in subsequent action by another to attack such judgment.

4. Divorce.—Where husband is within jurisdiction of court, divorced wife cannot recover for past maintenance of children, unless

theretofore ordered by court in which her divorce suit was pending, under Ky. Stats., sec. 2123.

5. Divorce.—Whether mortgage of husband's interest in live stock is prior lien on his judgment on counterclaim in wife's divorce suit for interest in live stock and other personalty will not be determined on wife's appeal from such judgment, and judgment for one attaching it, where mortgagee is not party to appeal, and neither validity of mortgage nor question of priority was determined below.

6. Divorce.—Wife, against whom husband recovered judgment, subsequently attached by another, on his counterclaim in divorce suit for interest in live stock and other personalty, held entitled to have validity of his mortgage on such stock and priority between attaching creditor and mortgagee asserting prior lien on such judgment, determined before being required to pay any portion thereof to attaching creditor.

HUGH P. COOPER for appellant.

POLIN & POLIN, C. C. BOLDRICK and P. K. McELROY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming in part and reversing in part.

Mrs. Lulie B. Christie sued her husband J. H. Christie, for divorce, but did not ask for alimony, or for an allowance for the maintenance of their children. In addition to defending the action for divorce, defendant asserted an undivided one-half interest in certain live stock and other personal property, based on a written contract dated September 3, 1921, and filed with plaintiff's depositions. He also asked that he be adjudged the value of his inchoate interest in the landed and personal estate of plaintiff. On final hearing plaintiff was awarded a divorce, and defendant was given a judgment on his counterclaim for the sum of $2,000. Thereafter Willie Vessells, who had been awarded a judgment against J. H. Christie for $3,000, attached the judgment for $2,000 that had been rendered against Mrs. Christie in favor of her husband. On final hearing the attachment was sustained, and judgment was rendered in favor of Willie Vessells for the sum of $1,363.80, with interest from February 19, 1927, until paid. From the two judgments above referred to, Mrs. Christie appeals.

Appellant insists that in the action brought by her against her husband she was entitled to judgment on the face of the pleadings, and that the court erred in render-

ing judgment in favor of her husband. The basis of this contention is that there was no denial of the allegations of appellant's reply. In his answer J. H. Christie averred that by the terms of the contract dated September 3, 1921, and filed with plaintiff's depositions, an arrangement was entered into by the terms of which he was to operate plaintiff's farms, and was to have one-half of the net proceeds of the farms in the future; that pursuant to said arrangement he did operate the farms during the years 1922-1926, inclusive, and that he managed them in a prudent and careful manner, and thereby caused a large amount of profit to be made thereon. He further stated that it was impossible to settle the partnership affairs without a reference to the master commissioner, and asked that the cause be referred to the master commissioner, and that he be adjudged his proper interest in the partnership property, and the value of his inchoate interest in the landed and personal estate of his wife. In her reply appellant denied that under an arrangement in the contract of September ——, 1921, or by any arrangement, her husband operated her farms during the years in question, or that he managed them, or any of them, in a prudent or careful manner, or caused a large, or any, amount of profit to be made therefrom. She further averred that it was true that on September ——, 1921, she and her husband entered into a written contract, filed with her depositions, in which contract, in consideration of her permitting the defendant to return to her home, it was agreed that defendant was to have one-half of the net proceeds of the farm in the future, and that he would operate and conduct the farm on which they were then living in a proper manner, and would provide for and support the family and pay all taxes, past-due and future, against her property, and conduct himself in a gentlemanly manner, and that, in the event that he should strike or abuse plaintiff, he was to forfeit any and all claims that he might have against the farm or other property of plaintiff, and was to vacate the premises without notice; that in violation of the terms of the contract the defendant, in less than two weeks after execution of the contract, struck and abused plaintiff, and failed to conduct himself in a gentlemanly manner, and that he also failed during the said year and the following years to operate and conduct the farms in a proper manner, and had continuously since that time failed to provide and support the family or to pay the

taxes against the property; that by reason thereof he had forfeited any and all claims he had against said farm or any other property belonging to plaintiff. These allegations were not denied by a rejoinder or other pleading.

The record before us does not contain the partnership contract or the depositions read on the trial. For the most part the allegations of the reply are merely an affirmative denial of the allegations of the answer. The only original matter contained in the reply is the allegation that by the terms of the contract the defendant should conduct himself in a gentlemanly manner, and that in the event he should strike or abuse plaintiff he was to forfeit all claims to her property, and that he failed to conduct himself in a gentlemanly manner, and within less than two weeks after the execution of the contract he struck and abused plaintiff.

We hardly think that, in the circumstances here presented, appellant may come here with a record that does not contain the evidence, or even the contract that is the basis of the suit, and insist that the only question before the court is whether or not the pleadings support the judgment, and that the judgment is not supported because the affirmative allegations of the reply were not denied. For aught that appears, the written contract may have contained no provision that the defendant should conduct himself in a gentlemanly manner, and that in the event he should strike or abuse plaintiff he was to forfeit all claims to her property. In view of the presumption that the omitted portion of the record will support the judgment, it will be conclusively presumed that the agreement contains no such provision. In the circumstances, the affirmative allegations of the reply will be disregarded, and the reversal will not be ordered on the ground that the judgment is not supported by the pleadings.

The first ground urged for reversal of the judgment in favor of Willie Vessells is that the court erred in sustaining a demurrer to appellant's answer and counterclaim of $1,563 for the maintenance and education of her children from the time the divorce action was instituted on July 15, 1926, until the date of the attachment on February 9, 1927. Section 2123, Kentucky Statutes, is as follows:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of

the parties, or children of unsound mind, or any of them, at any time afterward, upon the petition of either parent, revise and alter the same, having in all such cases of care and custody the interest and welfare of the children principally in view; but no such order for maintenance of children or allotment in favor of the wife shall divest either party of the fee-simple title to real estate.''

Neither pending the application for divorce, nor on final judgment, did Mrs. Christie ask of her husband an allowance for the maintenance of their children. Nor did she thereafter file a petition for that purpose, and procure an order for such maintenance. On the contrary, she seeks in another action to set off against the judgment obtained by her husband in the divorce action the expenses which she incurred for the past maintenance of the children. We have ruled that a recovery may be had of the husband for past maintenance, where the husband is beyond the jurisdiction of the court, but to extend back no further than the time service of process could not reasonably be had. Parks v. Parks, 209 Ky. 127, 272 S. W. 419. Where, however, the husband is within the jurisdiction of the court, the wife cannot recover for the past maintenance of the children, unless maintenance has theretofore been ordered by the court in which the divorce action was pending. The husband not being liable in the circumstances for past maintenance, it necessarily follows that the expense thereof is not a proper set-off against the judgment in the action under consideration.

In one of the consolidated actions Cordelia C. Brown filed her answer and petition to be made a party and asserted a prior lien on the judgment rendered in favor of J. H. Christie by virtue of a mortgage alleged to have been executed by J. H. Christie to W. H. Brown, and assigned by him to her, and covering J. H. Christie's interest in the partnership live stock. In her amended answer Mrs. Christie asked that the conflicting claims of Willie Vessells and Mrs. Brown be adjudicated, but the court took no action thereon. It is insisted for appellee that Mrs. Brown's mortgage, if valid, covers only J. H. Christie's interest in the live stock, that it may yet be enforced, and that she has no lien on the judgment in favor of J. H. Christie. Whether this be true or not we cannot now decide, since Mrs. Brown is not a party to this

appeal, and neither the validity of the mortgage nor the question of priority was determined below. Unless this is done, Mrs. Christie may be placed in a position where she will have to pay a judgment representing J. H. Christie's interest in the partnership, and at the same time lose his portion of the partnership live stock for which he has been paid. In the circumstances there can be no doubt that Mrs. Christie is entitled to have, not only the validity of the mortgage, but the question of priority between the attaching creditor and the mortgagee, determined before being required to pay any portion of the judgment to the attaching creditor.

In so far as Mrs. Christie was refused a set-off for past maintenance and support of her children the judgment is affirmed, but in so far as she was denied the right to have the conflicting claims of Willie Vessells and Mrs. Brown determined before final judgment was rendered in favor of Mrs. Vessells, the judgment is reversed, and cause remanded for proceedings not inconsistent with this opinion.