**Elmer Leo SIDEBOTTOM et al., Appellants,**

v.

**Robert Edgar MITCHELL, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1967.

Raymond C. Arny, Louisville, for appellants.

Gordon B. Winburn, Louisville, for appellee.

CULLEN, Commissioner.

Nora S. Sidebottom and her present husband, Elmer Leo Sidebottom, brought this common law action against Nora's former husband, Robert Edgar Mitchell, seeking to recover $13,860 which Nora with some contribution from Elmer allegedly had expended during the period from March 15, 1954 to September 3, 1966, in supporting and maintaining Nora's and Robert's two minor

children. After a trial the court entered judgment dismissing the complaint. Nora and Elmer have appealed.

Nora and Robert were married prior to 1947. Two children were born to them, one in 1947 and the other in 1952. On March 17, 1954, according to the undenied allegation of the complaint, Robert *deserted* Nora and the children. On May 3, 1962, Nora obtained a divorce from Robert, on *constructive service.* On July 13, 1963, Nora married Elmer Sidebottom. In January 1964 Nora and Elmer instituted proceedings in the juvenile court to compel Robert to contribute towards the support of his children, and an order was entered in that court directing Robert to pay $30 per week. According to the allegations of the complaint Robert paid a total of $1,265 under this order during 1964 but only paid $290 in 1965, and thereafter defaulted. The instant action was brought on September 8, 1966.

The divorce judgment in 1962, having been entered upon constructive service, made no provision for maintenance of the children, but recited that the question of maintenance was "reserved." Nora and Elmer, in their pleadings and proof, asserted that Nora had supported the children from March 15, 1954 to the date of her remarriage in 1963, and thereafter Nora and Elmer jointly had supported them; that the cost of the support was $25 per week and that Robert had never contributed anything other than the payments he made under the juvenile court order.

Robert's answer in this action consisted only of a general denial; he did not plead estoppel, res judicata, limitations, waiver, election of remedies, or any affirmative defense. On the trial he attempted to assert the defense that Nora, back in 1954, had agreed that she would support the children herself if he would not seek visitation privileges. However, the trial court ruled that this defense was not available because it had not been pleaded.

The trial court, in a written opinion, stated three reasons for dismissing the action. The first was that "Plaintiffs having elected to proceed through the Juvenile Court, they cannot now bring a new action in this Court for monies advanced by them for the maintenance of these children." The second was that the plaintiffs were guilty of laches. The third was that relief should have been sought by amended complaint in the divorce action.

We are not convinced that any of the reasons relied on by the circuit court is wholly valid, but we believe that the right result was reached for the reasons hereinafter stated.

■ The rule in this jurisdiction, as set forth in Waters v. Waters, Ky., 251 S.W.2d 580, and in Parks v. Parks, 209 Ky. 127, 272 S.W. 419, appears to be that ordinarily, absent exceptional circumstances, when a couple with minor children are separated, either without a divorce or under a divorce judgment which has made no provision concerning child support, if the wife desires to compel the husband to carry his primary burden (as between them) of supporting the children, she must obtain a court order (ordinarily in the divorce court) directing what payments he shall make, and if she does not obtain such an order she cannot recover from him for expenditures made by her for the support of the children, except expenditures for such period of time during which an order could not have been obtained because the husband was beyond reach of process. While this does not seem to be the prevailing rule in other jurisdictions, see Annotation, 69 A.L.R.2d 203, at 244, we are not convinced that we should depart from it in this case.

■ The evidence in the instant case is that Robert, though a traveling entertainer, came back on frequent occasions into the county in which Nora lived, and could have been served with process soon after the separation in 1954. Therefore, under the rule above stated, Nora is not

entitled to recover from him now for the expenditures she made. We think also that Elmer is in no better position, absent any showing that the reason he made expenditures for the support of the children was that Nora was unable to. See Parks v. Parks, 209 Ky. 127, 272 S.W. 419.

The decision of the case does not rest on the invoking of an affirmative defense, but simply on failure of the plaintiffs to establish a valid claim to relief. Accordingly, it is not significant that the defendant did not plead any affirmative defenses. See CR 8.03.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLI-KEN, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.

## SEPARATE CONCURRING OPINION

STEINFELD, Judge.

I concur in the result but respectfully disagree with the statement in the opinion which is:

"We are not convinced that any of the reasons relied on by the circuit court is wholly valid * * *".

One of the reasons was "that relief should have been sought by amended complaint in the divorce action". My judgment is that this is a valid reason for dismissing the complaint (at least without prejudice) since the relief sought was to recover on a claim in the same court which previously had carefully reserved the adjudication of that claim.

I consider the circumstances here distinguishable from the complications involved in Martin et al. v. Turner, Ky., 115 S.W. 833 (1909).

Our policy is to avoid a multiplicity of actions. Roy v. Roy et al., 246 Ky. 36, 54 S.W.2d 362 (1932). We do not permit a claimant to split his cause of action. Cassidy v. Berkovitz, 169 Ky. 785, 185 S.W. 129 (1916); McDonald v. Equitable Life Assur. Soc., 269 Ky. 549, 108 S.W.2d 184 (1937); Nat'l Bond & Inv. Co. v. Withorn, 281 Ky. 318, 136 S.W.2d 40 (1940). We now encourage the joinder of claims in one action CR 18.01. Leimer v. Woods, C.A.8, 196 F.2d 828 (1952). "There should be one action only to settle the rights of the parties, when all rights can be properly determined in a single action." Colson v. Pelgram, 259 N.Y. 370, 182 N.E. 19 (1932).

I consider the new suit a vexatious type of litigation since it is a second action between the same parties based on the same cause. 1 C.J.S. Actions § 21, p. 1062. Dismissal for that reason was proper.