### PORTER v. CASUALTY CO. OF AMERICA.

(Supreme Court, Appellate Term.   December 22, 1909.)

JUDGMENT (§ 603*)—SUCCESSIVE ACTIONS—INDEMNITY INSURANCE.

> Under a policy providing for a weekly indemnity to insured in case of sickness, not exceeding 26 weeks, a judgment for the amount due for 20 weeks, by reason of sickness, is no bar to an action to recover for 6 weeks' sickness accruing immediately after the 20 weeks recovered for, since a cause of action arose for default of payment of any 1 week, subject to the rule that all prior defaults in payment be included in one action.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1118; Dec. Dig. § 603.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Thomas J. Porter against the Casualty Company of America. From a judgment dismissing the complaint, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Oscar B. Thomas, for appellant.

Ralph W. Botham (Edward C. Sohst, of counsel), for respondent.

GIEGERICH, J.   The action was brought to recover the sum of $150, for a balance of 6 weeks' indemnity of $25 per week claimed to have accrued under a policy of insurance covering sickness and accident, which 6 weeks' indemnity accrued after the commencement of a former action in which indemnity for a period of 20 weeks had been recovered.

The policy is not in evidence; but the provisions thereof set forth in paragraph 2 of the complaint are admitted by the answer. According to such provisions the defendant was to pay the plaintiff a "weekly indemnity" of $25 in the event of disability of the kind specified for the period of such disability, not exceeding 26 weeks.   On February 20, 1908, the plaintiff brought an action in the Supreme Court for the sum of $500, claimed to be due for a period of disability of exactly 20 weeks, beginning September 24, 1907, and later recovered judgment for the amount, which the defendant paid.

The court in this case has decided that such former recovery is a bar to this action.   We cannot agree with that conclusion.   The defendant bound itself to make a "weekly indemnity" of $25.   This, standing alone, may fairly be construed as meaning that the amount of $25 should be due and payable each week, thus bringing the case

within the general proposition that each default in the payment of money falling due upon a contract may be the subject of an independent action, provided it is brought before the next installment becomes, due, and with the further limitation that each action should include every installment due when it is commenced, unless a suit is pending at the time for the recovery thereof. Lorillard v. Clyde, 122 N. Y. 41, 45, 25 N. E. 292, 19 Am. St. Rep. 470. In this view, and under the above rule, the former recovery is not a bar to this action.

When the entire policy is before the court, there may be discovered other provisions inconsistent with the construction we now place upon the portion of it before us, or that may constitute a defense to the action on the ground that it was not begun soon enough; but, as the policy was not placed in evidence, such points cannot be determined on this appeal.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

