## Stokes v. Watts.

(Decided June 17, 1919.)

### Appeal from Fayette Circuit Court.

Appeal and Error—What Not Prejudicial Error.—The court's permission to file and refusal to strike an amended petition from the record, which set up a separate cause of action which accrued after the commencement of the suit, as also the refusal to require the plaintiff to elect held not prejudicial if error, because defendant was served with notice issued upon the amendment and given ample opportunity to present his defense thereto, which he did, and the new cause of action asserted by the amended petition was such that had it existed at the time, could have been joined in the original petition, and if set up by separate action would have been consolidated with the original action upon motion of either party.

H. E. ROSS and JOHN J. RILEY for appellant.

SAMUEL M. WILSON and JAMES G. DENNY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellee, plaintiff below, filed this action to recover of the defendant three items of indebtedness alleged to be due upon separate express or implied contracts.

After the issues had been completed, the plaintiff was permitted over defendant's objections and exceptions, to file an amended petition setting up another similar item of indebtedness alleged to be due him from defendant upon a separate and distinct contract made before, but which did not mature until after, the original suit was filed. Defendant also made motions to strike the amended petition and require the plaintiff to elect which cause of action he would prosecute, the one in the original petition or the one set up in the amended petition, and these motions were overruled, to which he excepted.

Issue was joined upon all items asserted against the defendant, and after several continuances a trial was had by a jury, which resulted in a verdict in favor of the plaintiff, and the defendant is appealing from the judgment entered thereon.

The only grounds for a reversal are the court's rulings in permitting the amended petition to be filed and in refusing to sustain the motion for an election.

The several causes of action asserted in the petition and amended petition could have been united just as were the three separate causes set out in the original petition, under section 83 of the Code, had all been due at that time, since each was to enforce an express or implied contract, affected all parties to the action and could be prosecuted in the same county and by the same kind of an action, but as one cause had not then matured, it of course could not have been joined. However, plaintiff, when it did mature, could have brought thereon another action exactly similar to the first one, and upon motion of either party, the court would have consolidated the two, at least it would have had the discretion to have done so, and we can imagine no reason for complaint had this course been pursued.

So whether or not the practice sanctioned by the court is in exact accord with the Code provisions, it permitted to be done directly only what could have been accomplished indirectly, and since the defendant was served with summons issued on the amended petition and given full opportunity to present his defense thereto long before the trial and of which opportunity he availed himself, and does not indicate any harm or even inconvenience that resulted to him therefrom, it is impossible for us to see wherein he was prejudiced even if it be con-

ceded that the joinder by amendment of a separate cause of action which accrued after the commencement of the action was error, a question about which there is some doubt. See Taylor v. Moran, 4 Met. 127; Newman's Pl. & Pr., sections 580, 596 and 597.

Since the complained of rulings if error were not prejudicial to appellant's substantial rights, and the Code forbids a reversal except for such an error, the judgment must be and is affirmed.