## McDonald v. Equitable Life Assurance Society of The United States.

(Decided June 22, 1937.)

**550**

LAWRENCE F. SPECKMAN for appellant.

BRUCE & BULLITT and EUGENE B. COCHRAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In 1921, the Equitable Life Assurance Society of the United States delivered to the Standard Oil Company, Incorporated, in Kentucky, a group insurance policy by which it insured certain employees of the company against loss of life or total and permanent disability occurring during the employment. At that time the insurance was all on the noncontributory plan; that is, the Standard Oil Company paid all the premiums. In the year 1926 the Insurance Company and the Standard Oil Company amended the policy by adding to it a contributory plan under which the employees could, if they desired, secure additional insurance and have the Standard Oil Company deduct the premiums from their earnings.

On October 29, 1928, Terry McDonald became an employee of the Standard Oil Company, and one year later he became entitled under the policy to $2,000 insurance, $1,000 noncontributory and $1,000 contributory. McDonald wanted only the free insurance, and on October 29, 1929, the Insurance Company issued to him an individual certificate for $1,000 under the noncontributory plan, which, after two years, would be increased to $1,200. On May 1, 1930, the Insurance Company and the Oil Company amended the plan so that employees of McDonald's class would be entitled to take out $2,000

contributory insurance instead of $1,000. McDonald took advantage of the increase and was issued a certificate for $2,000.

On June 2, 1933, McDonald, alleging that he was totally and permanently disabled, brought suit against the Insurance Company to recover $2,000 on the non-contributory plan. The Insurance Company prepared to remove the action to the federal court. Whereupon, McDonald, in order to avoid the removal, filed an amended petition, dismissing "without prejudice so much of his petition as sought to recover the $1200.00 under the non-contributory plan." The trial of that action resulted in a judgment against the Insurance Company for $2,000, and on appeal the judgment was affirmed. The Equitable Life Assurance Society v. McDonald, 261 Ky. 148, 87 S. W. (2d) 123.

On March 8, 1935, McDonald brought this action to recover on the $1,200 noncontributory certificate. The Insurance Company pleaded that, by virtue of the foregoing facts, McDonald's right to proceed was barred. To that plea the court overruled a demurrer, and McDonald having declined to plead further the action was dismissed. McDonald appeals.

In support of the judgment below appellee relies on the well-established rule that the entire claim arising out of a civil transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and each form the basis of an action. The rule may be conceded, Cincinnati, N. O. & T. P. R. Co. v. McGuire, 169 Ky. 711, 185 S. W. 93; 1 C. J. S., Actions, 1306, sec. 102, but the rule does not require distinct causes of action, that is to say, distinct matters each of which would authorize by itself independent relief, to be presented in a single suit, though they exist at the same time and might be considered together. Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276. Or as said in 1 C. J. S., Actions, p. 1310, "the rule against splitting causes of action is restricted in its application to claims and demands which are parts of a single and indivisible cause of action, and which are capable of recovery in the first action." The question is, under which rule does this case fall? The test of separate rights of action is ably presented in section 202, Phillips on Code Pleading, p. 185, as follows:

"Test of Separate Rights of Action. A com-

plaint should contain a separate cause for each right of action disclosed by the facts therein stated. Whatever facts, if stated by themselves, would entitle one to relief by action, constitute a right of action, and should be separately stated as one cause of action. In determining whether a given statement of operative facts, investitive and culpatory, discloses but one right of action or more than one, it is necessary only to determine whether more than one primary right has been invaded, or whether there has been more than one invasion of a single primary right. Leaving out of consideration the nature or kinds of relief sought, if but one right, however comprehensive, is asserted, and if but delict, however complex, is complained of, but one right of action is disclosed. If the facts disclose more than one distinct primary right of the plaintiff and invasion thereof by the defendant, whether by one delict or by several, or if there are so disclosed two or more distinct invasions by the defendant of a single primary right of the plaintiff, more than one right of action is disclosed, and these should be separately stated. This is a plain and simple test for the differentiation of causes of action.

"Whatever facts, if stated by themselves, would entitle one to relief by action, should be stated as separate cause of action. In actions for legal relief, the cause of action rests so completely upon the operative issuable facts, that if any one of them be denied, or not sustained by proof, recovery is thereby defeated. In such actions a cause of action is double if the denial of any one material operative fact in it will not controvert the whole claim asserted.

"Sometimes the same facts may be a requisite part of each of several causes of action; and sometimes one entire cause of action may be a necessary part of another. Such cases are to be distinguished from those in which a given state of facts will authorize more than one relief. In the latter class of cases, there should be but one cause of action; in the former, more than one."

Counsel for appellee insist that the group policy is the sole contract between the parties, and that under

that policy McDonald has but one cause of action. Even though it be conceded that the group policy is controlling, and is the measure of the Insurance Company's liability, it does not necessarily follow that McDonald had only one cause of action. One policy may give rise to separate and distinct claims. Thus it was held in Rosso v. New York Life Insurance Company, 157 Miss. 469, 128 So. 343, 69 A. L. R. 883, that, where an insurance policy provides for sick or disability benefits payable to the insured, for which a premium is collected, and also provides insurance on the life of the same person payable to a named beneficiary in a named sum for which a different or distinct premium is paid, recovery in a suit for the amount of the life insurance policy does not prevent a subsequent suit for the disability benefit, although under the terms of the policy the disability benefit became the property of the beneficiary in the policy in case of the death of the insured. In such case there are two different causes of action, and a plea of res adjudicata is bad. In the A. L. R. note, attention is called to several cases bearing on the question. Among them is the case of Atkinson v. Railroad Employees Mutual Relief Society, 160 Tenn. 158, 22 S. W. (2d) 631, holding that, while a mutual benefit certificate providing for payment to the insured of weekly sick benefits constitutes an entire contract, the obligation cast upon the benefit society is severable, with a right of action accruing to the holder for each benefit installment payable and in default. To the same effect is Rau v. American National Insurance Company (Tex. Civ. App.) 154 S. W. 645, and Porter v. Casualty Company of America, 65 Misc. 485, 120 N. Y. S. 71. This accords with our ruling in Stokes v. Watts, 184 Ky. 803, 213 S. W. 188. Here we have two separate and distinct claims arising out of the same policy and represented by separate and distinct certificates. In the one case the premiums were paid by McDonald and in the other case by the company. As pointed out in Stark v. Starr, supra, the two causes of relief were such as to require different allegations in the petition and different evidence on the hearing. One of the certificates may have been in force and the other not in force. There might have been a verdict sustaining one of the certificates and rejecting the other. We are therefore inclined to the view that, though arising under the same policy, the claims represented by the two certificates are so separate and dis-

tinct in their character as to give rise to more than one right of action, and the rule against splitting causes of action does not apply. It follows that the demurrer to paragraph 2 of the answer should have been sustained.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.

Whole court sitting.