## National Bond & Investment Co. v. Withorn.

Jan. 16, 1940.

G. E. Wade for appellant.

Lee S. Jones for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

William Withorn has recovered judgment against the National Bond & Investment Company, a corporation, for $600 with interest and the latter is appealing.

By his original petition appellee sought to recover damages for the conversion of an automobile, but by amended petition he sought to recover damages to the automobile and the different parts thereof resulting from its use, his alleged damage being based on the difference in the value of the automobile at the time it was wrongfully taken from him and the time when it was finally returned to him.

In addition to a traverse of the allegations of the petition as amended appellant pleaded judgments in two former actions in bar, however, before answer was filed, appellant interposed a special demurrer on the ground that there was then pending in the Jefferson circuit

court another action involving the same issues between the same plaintiffs and defendant. The court overruled the special demurrer but treated same as a motion to suspend further action until the proceedings referred to in the special demurrer and in an affidavit filed in connection therewith were ultimately disposed of. The action referred to in the special demurrer and the affidavit in which one of the judgments pleaded in bar was rendered was styled George A. Thomas, plaintiff, v. E. G. Holder, William Withorn, the Security Finance Company, the National Bond and Investment Company, defendants, being an action of claim and delivery and involving the title and right of possession to the automobile in controversy in the present case. It was alleged that appellant and appellee were making some character or right of claim to the automobile and they were called upon to assert any lien or claim they might have thereto

Without going into detail appellant by answer asserted that it had a lien on the automobile under a conditional sales contract which had been assigned to it. Appellee by separate answer alleged that he was the owner of and entitled to possession of the automobile under a bill of sale. He made his answer a cross petition against appellant alleging that appellant had wrongfully taken possession of the automobile and converted same to its own use and sought to recover damages for the wrongful conversion. Appellant interposed a special demurrer to appellee's cross petition on the ground that there was pending in the court at the time another cause of action involving the same issues between the same parties.

As appears from the record appellee's cross petition against appellant was dismissed without prejudice. We find in the record no order of the court passing upon the special demurrer to the cross petition but there is an affidavit in the record to the effect that the court indicated that the demurrer would be sustained or would be treated as a motion to strike the cross petition and as such would be sustained.

During the controversy that arose when appellant took possession of the automobile appellee was arrested and he thereafter brought an action against appellant for false arrest and imprisonment in which he recovered judgment for $1,600 and that is one of the judgments pleaded in bar. In the case of Thomas v. Holder and others, Holder confessed judgment in favor

of Thomas and on final hearing on other issues it was adjudged that appellee was the owner and entitled to possession of the automobile and appellant had no lien or claim upon it.

As grounds for reversal it is argued (1) that the judgment in the action of claim and delivery by Thomas v. Holder et others bars this action for conversion of the same automobile. Appellant is not in a very good position to assert this ground because by special demurrer it objected to the question of damages against it for conversion of the automobile being brought in by way of appellee's cross petition, and furthermore it did not ask that the actions be consolidated.

Thomas was asserting title and right of ownership to the car as against Holder and all other claimants and was entitled to have his action tried and determined without it becoming involved in cross litigation between the defendants; and any right of action between appellant and appellee involving conversion or damage to the automobile was an entirely separate and distinct cause of action which might be asserted in an independent suit. Consolidated Coach Corporation v. Wright, and Same v. Burge, 231 Ky. 713, 22 S. W. (2d) 108. Moreover, this is not in fact an action for conversion but for the damage done by hard or improper use of the automobile before it was restored to appellee and most of which occurred after the other actions had been filed.

As a second ground it is argued by appellant that appellee split his cause of action and cannot now plead rights which could have been raised in his action for false imprisonment.

In the case of McDonald v. Equitable Life Association Society of the United States, 269 Ky. 549, 108 S. W. (2d) 184, 185, which was an action on an insurance policy, the appellee entered a plea in bar which was sustained and the appellant declining to further plead his action was dismissed. In reversing the judgment this court among other things said:

> "In support of the judgment below appellee relies on the well-established rule that the entire claim arising out of a civil transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and each form the basis of an action. The rule may be conceded, Cincinnati, New Orleans & Texas Pacific Railroad Company v.

McGuire, 169 Ky. 711, 185 S. W. 93; 1 C. J. S., Actions, 1306, Section 102, but the rule does not require distinct causes of action, that is to say, distinct matters each of which would authorize by itself independent relief, to be presented in a single suit, though they exist at the same time and might be considered together. Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276. Or as said in 1 C. J. S., Actions, p. 1310 [Section 102], 'the rule against splitting causes of action is restricted in its application to claims and demands which are parts of a single and indivisible cause of action, and which are capable of recovery in the first action.' "

It was further said in substance that the proper test to determine whether there were separate and distinct rights of action is whether more than one primary right has been invaded or whether there has been more than one invasion of a single primary right. It is obvious that the rule against split causes of action did not require that entirely separate and distinct matters if such would authorize independent relief, should be presented in a single action although they might properly be considered together. Obviously the action for damage to the automobile and the action for false arrest and imprisonment were separate and distinct matters and as indicated in the case just referred to the rule against splitting causes did not require that they be presented in a single suit.

Judgment affirmed.