**Daniel COBBLE; Eustace Durrett; Gracie Lewis; Elizabeth C. Elliott, Plaintiffs–Appellants,**

v.

**COMMONWEALTH OF KENTUCKY, Defendant–Appellee.**

No. 02–5402.

United States Court of Appeals, Sixth Circuit.

Sept. 13, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

*ORDER*

Plaintiffs, Daniel Cobble, Eustace Durrett, Gracie Lewis, and Elizabeth Elliott, Kentucky residents proceeding pro se, appeal a district court order dismissing their civil complaint brought pursuant to federal question jurisdiction, 28 U.S.C. § 1331. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 7, 2000, the voters of Jefferson County, Kentucky, approved House Bill 647 ("HB647") merging the governments of Jefferson County and the City of Louisville. *See* Ky.Rev.Stat. Ann. § 67C.101. The plaintiffs bring this action against the defendant, Commonwealth of Kentucky, seeking a declaration that HB 647 is unconstitutional and in violation of certain Kentucky statutes. Plaintiff Cobble filed a similar action in Jefferson Circuit Court on September 29, 2000 (the "Original Circuit Complaint"). The Original Circuit Complaint also alleged that HB 647 is unconstitutional and in violation of various statutory provisions. Cobble later sought to amend this complaint to add two additional causes of action, three other plaintiffs, and certification as a class action (the "Amended Complaint"). In *Cobble v. Commonwealth of Ky.*, No. 00CI6302 (Jefferson Cir. Ct. Feb. 5, 2001) ("*Cobble I*"), the Jefferson Circuit Court dismissed with prejudice both the Original Circuit Complaint and the Amended Complaint.

The defendant filed a motion to dismiss the present complaint on the grounds of res judicata and the *Rooker–Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). In a memorandum opinion and order entered July 24, 2001, the district court agreed with the defendant and dismissed all of the plaintiffs' claims with the exception of Count IV which alleges a violation of the Voting

Rights Act, 42 U.S.C. § 1973, et seq. In an order entered December 12, 2001, the district court granted the plaintiffs' motion to voluntarily dismiss Count IV. The December 12, 2001, order was corrected to reflect that the dismissal of Count IV is without prejudice. This timely appeal followed.

This court reviews *de novo* dismissals for lack of jurisdiction. *See Greater Detroit Res. Recovery Auth. v. United States EPA*, 916 F.2d 317, 319 (6th Cir.1990). A district court's decision with regard to res judicata is reviewed de novo. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994).

Upon review, we conclude that all of the elements of res judicata have been met in this case. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky.1998). Further, the plaintiffs' claims are also precluded by the *Rooker-Feldman* doctrine. *See Feldman*, 460 U.S. at 482 & n. 16; *Rooker*, 263 U.S. at 415–16. A fair reading of the complaint reveals that the plaintiffs' federal case is essentially an appeal of the state court judgment as it merely raises specific claims regarding decisions of the Jefferson Circuit Court wherein the plaintiffs are the recipient of adverse rulings

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.