**Helen H. MOORHEAD, Appellant**

v.

**Carolyn A. DODD (Co–Executrix of the Estate of J. William Manning, Deceased), et al., Appellees.**

No. 2006–SC–000251–DG.

Supreme Court of Kentucky.

Sept. 18, 2008.

James Hays Lawson, John H. Dwyer, Jr., Pedley Zieike Gordinier & Pence, PLLC, Louisville, KY, Counsel for Appellant.

Simon–Brooks Berry, William David Kiser, Ackerson & Yann, PLLC, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

This appeal concerns a claim for appellate attorney fees pursuant to a contractual attorney fees clause. Although Appellant, Helen Moorhead, was awarded attorney fees in an earlier, related proceeding, she has subsequently incurred additional expense in litigating this matter, entitling her to further relief under the parties' agreement. The Court of Appeals and the Jefferson Circuit Court (in separate proceedings in Division 2 and 5) concluded, however, that the claim was barred on the basis that it could have been raised in the earlier proceeding. We disagree as to the later result in Jefferson Circuit Court, Division 5, and reverse.

## I. Facts

On April 15, 1995, Manning Equipment Company entered into a lease and purchase agreement with Appellant, Helen Moorhead, for certain real property. In connection with the lease and purchase agreement, Appellees, J. William Manning (now deceased) and Hazel Manning, entered into a separate guaranty agreement, whereby they personally guaranteed that Manning Equipment Company would perform the contract. The guaranty contained an attorney fees clause:

In order to induce Helen H. Moorhead ... and National City Bank, Kentucky, Trustee ["Sellers"] ... to enter into the Agreement attached hereto, and in consideration of the premises contained in said Agreement ... J. William Manning and Hazel Manning ... hereby unconditionally and irrevocably guarantee to Sellers ... (A) The prompt payment when due and at all times thereafter of all amounts due under said Agreement; and (B) All fees, expenses, costs and charges of any nature whatsoever, including without limitation, reasonable attorneys fees of Sellers required to be paid by Sellers in enforcing any of their rights and remedies under said Agreement or under this Guaranty ...

When the sale did not go through, Moorhead brought an action in the Jefferson Circuit Court for breach of contract. The case was assigned to Division 2. A jury returned a verdict in favor of Moorhead and on May 17, 1999, the circuit court entered final judgment awarding her damages, including $57,439.56 in attorney fees. This award of attorney fees was only for legal expenses incurred in bringing and prosecuting the action in Division 2 of the Jefferson Circuit Court.

Manning, however, appealed the judgment, causing Moorhead to incur additional legal expense. The Court of Appeals affirmed in an opinion rendered on February 23, 2001. *Manning Equipment Co., Inc. v. Moorhead,* 1999–CA–1423–MR (Ky. App.2001).

On May 22, 2001, pursuant to the attorney fees clause in the guaranty instrument, Moorhead then moved Division 2 of the Jefferson Circuit Court for additional attorney fees incurred on appeal, subsequent to the May 17 judgment. The circuit court, however, entered an order on August 2, 2001, denying Moorhead's re-

quest on jurisdictional grounds, i.e., the court's jurisdiction had expired.

Following the circuit court's ruling, Moorhead appealed the order denying additional attorney fees and also filed a separate, independent action under the guaranty in Jefferson Circuit Court, Division 5. With regard to the appeal from Division 2 of Jefferson Circuit Court of the denial of attorney fees, on February 21, 2003, the Court of Appeals affirmed the ruling in a 2–1 split. *Moorhead v. Manning Equipment Co.*, 2001–CA–2061–MR, 2003 WL 1342949 (Ky.App.2003).

The Jefferson Circuit Court, Division 5, action again sought post-judgment and appellate attorney fees. Manning, however, moved for summary judgment, which the circuit court granted on the basis that the May 17, 1999 judgment (in Division 2), affirmed on appeal on February 23, 2001, was res judicata. The circuit court held that Moorhead could have and should have reserved the issue of post-judgment and appellate attorney fees in the earlier action. Because Moorhead failed to do so, she waived her right to recover additional attorney fees.

Moorhead thereafter appealed the dismissal of this complaint by the Jefferson Circuit Court, Division 5. The Court of Appeals again, in a 2–1 decision, agreed with the circuit court that the action was barred by res judicata. *Moorhead v. Manning*, 2005–CA–700–MR (Ky.App. 2006). Chief Judge Combs dissented, noting that "[d]espite a guaranty agreement clearly entitling Moorhead to be compensated for *all* costs and fees incurred in enforcing her rights and remedies with respect to Manning, she has never been able to collect the attorney's fees resulting from the appeals."

## II. Analysis

The sole issue in this case is whether Moorhead may recover post-judgment and appellate attorney fees, and if so, how. As an initial matter, we note that Moorhead is substantively entitled to these fees pursuant to the parties' agreement and thus, our focus is initially on whether she is procedurally barred from recovery. This is a question of law to be reviewed de novo. *See Revenue Cabinet v. Comcast Cablevision of South*, 147 S.W.3d 743, 747 (Ky. App.2003).

Moorhead contends that her claim is not barred by res judicata or the rule against splitting causes of action. Moorhead's argument centers on the fact that she incurred the fees in question *after* the circuit court's entry of judgment on May 17, 1999. She asserts that the circuit court could not reserve the issue of post-judgment and appellate attorney fees because there was no jurisdiction to do so.

 The resolution of this appeal requires an understanding of the doctrine of res judicata and the rule against splitting causes of action, both of which are intended to prevent multiplicity of suits. Res judicata consists of two concepts, claim preclusion and issue preclusion (also called collateral estoppel). Claim preclusion bars subsequent litigation between the same parties or their privies, on a previously adjudicated cause of action. *Buis v. Elliott*, 142 S.W.3d 137, 139–40 (Ky.2004). Issue preclusion, on the other hand, precludes the relitigation of an issue that was actually litigated and decided in a prior proceeding. *Id.* at 140. Finally, the rule against splitting causes of action precludes successive actions arising from one transaction. *See Carroll v. Owens–Corning Fiberglas Corp.*, 37 S.W.3d 699, 700 (Ky. 2000). In *Hays v. Sturgill*, 302 Ky. 31, 193 S.W.2d 648, 650 (1946), the Court stated:

The rule that issues which have been once litigated cannot be the subject mat-

ter of later action is not only salutary but necessary in the administration of justice. The subsidiary rule that one may not split up his cause of action and have it tried piecemeal rests upon the same foundation. To permit it would not be just to the adverse party or fair to the courts. So, as said in *Combs v. Prestonsburg Water Co.*, 260 Ky. 169, 84 S.W.2d 15, 18: "The rule is elementary that, when a matter is in litigation, parties are required to bring forward their whole case; and 'the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' "

■ Under these circumstances, res judicata does not prevent Moorhead from maintaining her action, since the present claim relates to attorney fees accrued *after entry of the prior judgment.* See *Asher v. G.F. Stearns Land & Lumber Co.*, 241 Ky. 292, 43 S.W.2d 1012, 1014 (1931) ("[res judicata] does not apply . . . to facts that subsequently arise"). The judgment rendered on May 17, 1999, awarded fees for legal services performed up to and including the date of judgment.

In the present action, however, Moorhead requests fees incurred after the date of judgment, to which she is clearly entitled, which were not provided for in the award. Therefore, res judicata does not preclude this claim because the circuit court, when it entered judgment, had not yet addressed the issue of post-judgment and appellate attorney fees. *See Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky.1998) (for issue preclusion to apply, "[t]he issues in the former and latter actions must be identical"). This issue was first presented to the circuit court when Moorhead filed a motion with Division 2 on May 22, 2001.

■ In our view, it was not necessary for Moorhead to reserve the issue, nor is it a prerequisite to recovery of post-judgment and appellate attorney fees. The general rule that one may not split up his or her cause of action and have it tried piecemeal has no applicability here, since Moorhead's claim for such fees did not accrue until after the circuit court entered judgment, when she began to incur additional legal expenses. *See National Bond & Inv. Co. v. Withorn*, 281 Ky. 318, 136 S.W.2d 40, 42 (1940) ("[T]he rule against splitting causes of action is restricted in its application to claims and demands which are parts of a single and indivisible causes of action, and which are capable of recovery in the first action."). Thus, the present action for post-judgment and appellate attorney fees constitutes a distinct and separate cause of action from the previous action, for which she has already received an award of attorney fees. While that original action was pending, Moorhead had no cause of action for additional attorney fees above and beyond the $57,439.56 which had already been incurred.

As a matter of policy, the purpose of res judicata and the rule against splitting causes of action is to prevent multiplicity of suits. The two related principles are applied to prevent injustice to the parties by protecting defendants against fragmented, harassing, vexatious, and costly litigation, and the possibility of conflicting outcomes. 1A C.J.S. *Actions* § 226 (2008). Moreover, these principles help to avoid unnecessary waste of judicial resources. *Id.* However, we can discern no policy reasons for applying either principle in the matter at hand, given that the present action arose from Manning's own conduct, when he challenged the circuit court's

award, knowing that he was contractually obligated to pay Moorhead's legal expenses.

Although parties are required to bring forward their whole cause, we decline to impose a duty to anticipate (and guess at) any or all fees or expenses which may flow from an appeal. Otherwise, attorneys would be forced to ask circuit courts to reserve the issue of post-judgment and appellate attorney fees, costs, and expenses in every case where a statute or contract authorizes such charges, even though there may be no appeal. Such a procedure would be burdensome on litigants, the court, and the clerks.[1]

### III. Conclusion

For the foregoing reasons, we conclude that the Jefferson Circuit Court, Division 5, and the Court of Appeals erred in holding that res judicata bars Moorhead's subsequent action for attorney fees. Moorhead is entitled to recover legal fees arising from her agreement with Manning, above and beyond those already awarded on May 17, 1999. Accordingly, we reverse and remand this case to the Jefferson Circuit Court (Div.5) for such further proceedings as are necessary and consistent with this opinion.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur.

SCHRODER, J., not sitting.

---

1. It would be more convenient and cost-efficient for a party to simply ask the appellate court (by motion) to remand the matter back to the trial court post-opinion in order to determine such an award, thereby reviving jurisdiction in the original trial court.