**COMMONWEALTH of Kentucky, Cabinet for Health and Family Services, Department of Medicaid Services, Appellant,**

v.

**EPI HEALTHCARE, LLC, Appellee.**

**No. 2010–CA–001333–MR.**

Court of Appeals of Kentucky.

June 3, 2011.

Discretionary Review Denied by Supreme Court April 18, 2012.

Alea Amber Arnett, Frankfort, KY, for appellant.

Frank F. Chuppe, Louisville, KY, for appellee.

Before DIXON, KELLER, and VANMETER, Judges.

*OPINION*

VANMETER, Judge.

The Commonwealth of Kentucky, Cabinet for Health and Family Services Department for Medicaid Services ("Cabi-

net"), appeals from an order of the Franklin Circuit Court which granted summary judgment in favor of EPI Healthcare, LLC. ("EPI"). For the following reasons, we affirm.

EPI operates nursing homes throughout Kentucky and receives reimbursement from the Cabinet through the Medicaid program. From 1988–1995, the Cabinet used a prospective payment system to reimburse Medicaid participant providers, whereby it would periodically advance funds to providers to cover their estimated costs based on the previous year's cost reports. The Cabinet could recoup overpayments of Medicaid benefits from the providers per 907 KAR[1] 1:110.[2]

For each cost reporting period, the Cabinet had the right to conduct audits. Undisputedly, EPI filed its costs reports in a timely fashion at the close of each of its facilities' fiscal years. Upon auditing EPI's cost reporting periods from 1988–1996, the Cabinet discovered $6,866,881 in overpayments and informed EPI of the Cabinet's intent to recoup that amount.

EPI pursued an administrative appeal under KRS[3] Chapter 13B, disputing the amount of overpayments and argued that because the amount was calculated by regulation, recoupment was barred by the 5–year statute of limitations for actions based "upon a liability created by statute, when no other time is fixed by the statute creating the liability." KRS 413.120(2). The administrative hearing officer confirmed the amount of overpayments and determined that the Cabinet's recoupment

rights were exclusively found in the provider agreement between EPI and the Cabinet, which stated that EPI was required to refund any overpayment resulting from inappropriate or inaccurate claims as calculated by federal and state law, including Medicaid regulations. The hearing officer applied the 15–year statute of limitations for actions based on contract per KRS 413.090(2), and found in favor of the Cabinet. EPI appealed to the Anderson Circuit Court, which granted EPI's motion for partial summary judgment on the basis that recoupment was barred by the 5–year statute of limitations per KRS 413.120.

The Cabinet then appealed to a panel of this court, which held that recoupment for the period from 1988–1995 was barred by the 21–month statute of limitations per 907 KAR 1:110, Section 3.[4] As to the recoupment claim for 1996, because the regulation had been amended that year by removing the 21–month limitation, this court applied the 5–year statute of limitations in KRS 413.120(2) and allowed recoupment for the 1996 cost year.

On discretionary review, the Kentucky Supreme Court affirmed this court.[5] At the conclusion of its opinion, it stated,

Although the result may seem extreme, we simply cannot ignore the plain meaning of the language in the regulation. We note that our ruling relates only to the Cabinet's remedy of recoupment, and we express no opinion on the Cabinet's ability to collect the monies through some other legal avenue.

---

1. Kentucky Administrative Regulations.

2. 907 KAR 1:110 has since been amended. Now recoupment by the Cabinet is governed by 907 KAR 1:671.

3. Kentucky Revised Statutes.

4. *Commonwealth of Kentucky, Cabinet for Health and Family Services, James W. Hol-*

*singer, M.D., in his official capacity as Secretary of the Cabinet v. EPI Corporation*, No. 2005–CA–000274–MR, 2006 WL 964738 (Ky. App., April 14, 2006).

5. *Commonwealth of Kentucky, Cabinet for Health and Family Services v. EPI Corporation*, 2006–SC–000348–DG, 2008 WL 5274857 (Ky., December 18, 2008).

The Cabinet then filed the present action, which deals with the same overpayments that were the subject of the prior litigation. The Cabinet seeks reimbursement for the overpayments based not only on alleged violations of state and federal law (as in the previous suit), but also on contractual and quasi-contractual theories, such as unjust enrichment. The Franklin Circuit Court granted summary judgment in favor of EPI, finding that the doctrine of res judicata barred the Cabinet's claims. This appeal followed.

■ On appeal, the Cabinet argues that the trial court erred by finding the present action to be barred by res judicata since the prior litigation only addressed the issue of the Cabinet's ability to recover the overpayment through the administrative recoupment process and further, that the Kentucky Supreme Court expressly reserved ruling on "the Cabinet's ability to collect the monies through some other legal avenue." In other words, the Cabinet maintains that this "express reservation" by the Supreme Court fits squarely within a recognized qualification to the res judicata doctrine so as to allow this action to proceed. We disagree.

Summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR [6] 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky.1991) (citations omitted). Further, "a party opposing a properly sup-

ported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482 (citations omitted).

On appeal from a granting of summary judgment, our standard of review is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001) (citations omitted). Because no factual issues are involved and only legal issues are before the trial court on a motion for summary judgment, we do not defer to the trial court and our review is *de novo*. *Hallahan v. Courier–Journal*, 138 S.W.3d 699, 705 (Ky.App.2004).

■ Kentucky courts recognize the doctrine of res judicata and the rule against splitting causes of action, "both of which are intended to prevent multiplicity of suits." *Moorhead v. Dodd*, 265 S.W.3d 201, 203 (Ky.2008). In *Moorhead*, the Court stated,

> Res judicata consists of two concepts, claim preclusion and issue preclusion (also called collateral estoppel). Claim preclusion bars subsequent litigation between the same parties or their privies, on a previously adjudicated cause of action. Issue preclusion, on the other hand, precludes the relitigation of an issue that was actually litigated and decided in a prior proceeding. Finally, the rule against splitting causes of action precludes successive actions arising from one transaction.

*Id.* (internal citations omitted).

In this case, the trial court found that any argument the Cabinet could have made in support of recoupment of the overpayments should have been raised during the administrative appeal, which

6. Kentucky Rules of Civil Procedure.

clearly arose from the same transaction. The Cabinet argued that it could not have brought its current claims against EPI in the context of an administrative appeal; however, the trial court noted that in light of KRS 23A.010(4), though Kentucky circuit courts are vested with jurisdiction to review decisions of administrative agencies, such review constitutes an original action, rather than an appeal. Accordingly, the trial court held that EPI's appeal to the Anderson Circuit Court in the previous litigation constituted an original action in which the Cabinet was obligated to assert all claims it had regarding the recoupment dispute which arose from the same transaction, including the arguments it now asserts for the first time.

With respect to any contract claim, the trial court also noted that the Cabinet is precluded from bringing a contract claim for recoupment separate and apart from a claim under the relevant Medicaid statutes and regulations, since the provider agreements are expressly subject to those laws. In fact, the Cabinet asserted before the Kentucky Supreme Court in the prior litigation that no right to reimbursement or recoupment existed without the provider agreements. Since the provider agreements are subject to applicable Medicaid laws, the trial court held that the Cabinet cannot pursue a recoupment claim against EPI that goes beyond allegations based on violations of Medicaid statute and regulations. Thus, the Kentucky Supreme Court's decision that the applicable statute of limitations for such claims was the 21–month period prescribed in 907 KAR 1:110 for 1988–1995 bars the present action.

With regard to the Cabinet's claim under a quasi-contractual theory, i.e. unjust enrichment, the trial court found that any claim the Cabinet could assert would necessarily arise from the same nucleus of operative facts as the original administrative appeal brought by EPI, which was already litigated to conclusion. CR 13.01 requires a counterclaim to be asserted if it arises out of the transaction or occurrence that is the subject matter or foundation of the opposing party's claim. Therefore, any quasi-contractual claim against EPI regarding recovery of the overpayments was a compulsory counterclaim that the Cabinet was required to assert at the outset of the prior litigation. The trial court thus dismissed the Cabinet's present claims with prejudice, in light of the Supreme Court's decision that the claims for recoupment are time-barred, and held that the Cabinet cannot now attempt to obtain the same remedy that it sought in the administrative action simply by filing a separate lawsuit with slightly different legal theories.

The Cabinet argues on appeal that the language of the Supreme Court's opinion in the prior litigation "expressly reserved" the issue of the Cabinet's ability "to collect the monies through some other legal avenue." In support of its argument, the Cabinet directs us to the case of *Asher v. G.F. Stearns Land & Lumber Co.*, 241 Ky. 292, 296, 43 S.W.2d 1012, 1014 (Ky.1931), in which Kentucky's highest court recognized that the doctrine of res judicata does not apply "where the court in rendering the judgment expressly or by necessary implication reserved the determination of the issues to be later litigated, but against the determination of which the judgment was then interposed as a bar[.]"

However, the facts in *Asher* are distinguishable from the case at bar. In *Asher*, before submission of, and judgment in, the first action, the same plaintiffs filed in the same court a second action concerning the same tract of land as the first action. *Id.* at 1013. Immediately before the submission of the first action, the trial court's attention was specifically called to the pendency of the second action, by a motion of plaintiffs to consolidate the two actions.

*Id.* at 1014–15. The motion was either overruled or not acted on, and the trial court disposed of the first action. *Id.* at 1015. On appeal, the Court held that "the course pursued by the court at that time was tantamount to an express determination on its part to reserve the issues involved in [the second] action for future adjudication[.]" *Id.* In the absence of these facts, and without the pendency of the second action at the time of the motion to consolidate, the Court held that "this qualification would possibly not arise, since in such event the case would probably come within the scope of the general [res judicata] doctrine." *Id.*

Here, when the Supreme Court rendered its decision on the issue of recoupment, the Cabinet had not asserted any other claims against EPI. Unlike in *Asher*, no second action was pending at the time the first action was litigated to conclusion. Thus, we are unable to say that the statements expressed by the Supreme Court implicitly reserved the present claims. Further, we read the Supreme Court's opinion to simply narrow its holding to the limited issue before it rather than expressly reserve any and all claims which may be asserted in the future. Given that EPI's appeal to the Anderson Circuit Court in the previous litigation constituted an original action in which the Cabinet was obligated to assert all claims it had related to the recoupment dispute, we agree with the trial court that the arguments now asserted by the Cabinet for the first time in a separate action should have been raised previously.

The order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

COMMONWEALTH of Kentucky, Appellee.