12-936-cv
Straight-Out Promotions, LLC v. Warren

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
          AMALYA L. KEARSE,
          SUSAN L. CARNEY,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

IN RE: MICHAEL G. TYSON, et al.,
          Debtors,

R. TODD NEILSON, PLAN ADMINISTRATOR
OF THE MGT CHAPTER 11 LIQUIDATING
TRUST, on behalf of the MGT CHAPTER
11 LIQUIDATING TRUST and on behalf of
MICHAEL G. TYSON, an Individual,
          Plaintiff,

          -v.-                                        12-936

STRAIGHT-OUT PROMOTIONS, LLC, and
CHRIS WEBB, an Individual,
          Defendants-Cross-Claimants-
          Appellants,

1

**-v.-**

**FRANK WARREN, EDWARD SIMONS,**
             **Defendants-Cross-Defendants-**
             **Appellees.**[1]

- - - - - - - - - - - - - - - - - - - - - -

**FOR APPELLANTS:**                 J. BRUCE MILLER, J. Bruce Miller
                                    Law Group, Louisville, KY.

**FOR APPELLEE FRANK WARREN:** HOWARD KARASIK, Sherman, Citron
                                    & Karasik, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Straight-Out Promotions, LLC and Chris Webb (collectively, the "Kentucky Defendants") appeal from the judgment of the United States District Court for the Southern District of New York (Cote, J.), affirming the decision of the United States Bankruptcy Judge (Gropper, J.), which denied their cross-claims against Frank Warren and Edward Simons (collectively, the "UK Defendants"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. The UK Defendants are related to a British shell company, Brearly, that contracted with the Kentucky Defendants to sell foreign rights to a prizefight between Michael Tyson and an English boxer, Danny Williams. Brearly's guarantee on the foreign rights was dishonored; Tyson's estate in bankruptcy sued all of the above defendants in the Bankruptcy Court of the United States District Court for the Southern District of New York, and the Kentucky Defendants cross-claimed against the UK Defendants, relying chiefly on a default judgment that they had obtained against Brearly of over $4 million. See

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

*Straight-Out Promotions, LLC. v. Brearly (Int'l) Ltd.*, No. 3:04-CV-473-H, 2008 WL 6604013 (W.D. Ky. Dec. 16, 2008), ECF No. 51; see also *Straight-Out Promotions, LLC v. Warren*, 467 B.R. 684, 692 (S.D.N.Y. 2012). The Kentucky Defendants cite the Supreme Court's recent res judicata guidance in *Taylor v. Sturgell*, 553 U.S. 880 (2008) to argue that the UK Defendants should be liable on the default judgment. "A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court. Findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*." *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010) (quotation marks and citation omitted).

The district court properly ruled that "for judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor*, 553 U.S. at 891 n.4; see *Straight-Out*, 467 B.R. at 692 ("[I]n determining the preclusive effect of the Kentucky Default Judgment, Kentucky law governs."). Kentucky courts recognize the related doctrines of claim and issue preclusion. *Moorhead v. Dodd*, 265 S.W.3d 201, 203-204 (Ky. 2008). They identify four elements required to establish collateral estoppel, or issue preclusion: "(1) identity of issues; (2) a final decision or judgment on the merits; (3) a necessary issue with the estopped party given a full and fair opportunity to litigate; (4) a prior losing litigant." *Moore v. Commonwealth*, 954 S.W.2d 317, 319 (Ky. 1997). They identify three elements for claim preclusion to bar future litigation: (1) "identity of the parties"; (2) "identity of the causes of action"; and (3) "the [prior] action must have been resolved on the merits." *Yeoman v. Commonwealth*, 983 S.W.2d 459, 465 (Ky. 1998).

As the district court ruled, there was no claim preclusion because there was no identity of the parties. The UK Defendants were not parties to the Kentucky action. They were not in privity with Brearly because they did not share an "absolute identity of legal interest." *BTC Leasing, Inc. v. Martin*, 685 S.W.2d 191, 198 (Ky. Ct. App. 1984). The district court observed that "Brearly, apparently, decided that it did not have an interest in defending itself in the Kentucky Action, or indeed in the proceedings before the Bankruptcy Court," whereas the UK Defendants "have litigated the present action determinedly." *Straight-Out*, 467 B.R. at 694. The Kentucky Defendants argue that Brearly "adequately represented" the interests of the UK Defendants, see *BTC*, 685 S.W.2d at 198, but Brearly

3

withdrew counsel and defaulted.  The UK Defendants may have controlled Brearly's counsel, but, as the bankruptcy court found, that does not establish privity.  See Straight-Out, 467 B.R. at 693 ("A party's 'assumption of control does not make him a party to the litigation.'") (quoting Restatement (Second) of Judgments § 39 cmt. b (1982)).

The Kentucky Defendants emphasize that certain cases show that Kentucky courts use a "transactional approach" in claim preclusion cases.  See Cobble v. Commonwealth of Kentucky, CIV.A. 3:01CV-62-H, 2001 WL 1772020, at *2 (W.D. Ky. July 24, 2001), aff'd, 46 F. Appx. 320 (6th Cir. 2002); Smith v. Bob Smith Chevrolet, Inc., 275 F. Supp. 2d 808, 813 (W.D. Ky. 2003).  But that "transactional approach" is used to ascertain if the claims are identical; it does not bear on common party identity.

As for issue preclusion, the UK Defendants had no full and fair opportunity to litigate the relevant issue because the judgment was entered on the basis of Brearly's default. "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 cmt.e (1982); see 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4442 (2d ed.) ("Judgment by default in the technical sense that the issues have not been litigated does not warrant issue preclusion for the very reason that the issues have not been litigated or decided.").  The bankruptcy court expressed its equitable misgivings about enforcing a default judgment against the UK Defendants when it was clear that there was nothing in the record to support the underlying claims.  See In re Tyson, No. 03-41900 ALG, 2011 WL 1841881, at *7 (Bankr. S.D.N.Y. May 13, 2011), aff'd sub nom., Straight-Out Promotions, LLC v. Warren, 467 B.R. 684 (S.D.N.Y. 2012) ("At the trial, the evidence did not support the theories underlying the Kentucky Default Judgment on the issue of damages. . . .").

2.  The Kentucky Defendants assert that the bankruptcy court should not have denied their post-trial Rule 15(b)(2) and Rule 54 motions.  They sought to amend their pleading to include a fraud cross-claim against the UK Defendants.  In re Tyson, 2011 WL 1841881, at *6.  As the district court concluded, amendment would be futile.  In Kentucky, a fraud claim requires clear and convincing proof of the following six elements:

    (1) that the declarant made a material representation
    to the plaintiff, (2) that this representation was
    false, (3) that the declarant knew the representation

4

was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff.

Flegles, Inc. v. TruServ Corp., 289 S.W.3d 544, 549 (Ky. 2009). "The plaintiff[']s reliance, of course, must be reasonable." Id.

For several reasons, the Kentucky Defendants could not reasonably have relied upon the statements of Brearly or the UK Defendants, and therefore the Kentucky Defendants cannot support a fraud claim. First, the Kentucky Defendants were explicitly warned "that the UK Defendants would not guarantee Brearly's obligations." Straight-Out, 467 B.R. at 690. Second, the Kentucky Defendants performed no appreciable due diligence on Brearly. Id. Third, their own legal counsel advised them that the Distribution Agreement with Brearly did "'not guarantee a minimum payment of 2.7 million by irrevocable letters of credit' and was 'not acceptable.'" In re Tyson, 2011 WL 1841881, at *6 (quoting March 27, 2009, Trial Tr. at 50). The Kentucky Defendants proceeded to contract with Brearly in spite of these warnings.

The Kentucky Defendants argue that they could not have reasonably learned of the fraud until it was too late, citing the Kentucky rule that "where the defrauded party has performed substantially before discovering the fraud, he may go on with the performance and also recover damages." See Sanford Constr. Co. v. S&H Contractors, Inc., 443 S.W. 2d 227, 236 (Ky. 1969). However, the Kentucky Defendants did not incur any significant expenses as a result of the alleged fraud until *after* they had reached an "impasse" over whether Brearly's funds would be held in escrow or secured with a letter of credit. Even if it had been reasonable for the Kentucky Defendants to perform no due diligence about their counter-party at the outset of their multimillion dollar negotiations (a dubious proposition), the "impasse" certainly should have alerted them to the risks at hand. Since they failed to show clear and convincing evidence that they reasonably relied upon the statements of the UK Defendants, the fraud claim would have been futile. Their motion to amend to assert such a claim was properly denied. See, e.g., MacDraw, Inc. v. CIT Group Equip. Financing, Inc., 157 F.3d 956, 962-63 (2d Cir. 1998).

Finding no merit in the remaining arguments, the judgment is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK