**Gary BUIS, Appellant,**

v.

**Roger P. ELLIOTT and Sheila H. Elliott, Appellees.**

**No. 2003–SC–0498–DG.**

Supreme Court of Kentucky.

Aug. 26, 2004.

---

138

David A. Nunery, David A. Nunery, PSC, Bryan Edward Bennett, Campbellsville, Counsel for Appellant.

Roger P. Elliott, Liberty, Counsel for Appellees.

Opinion of the Court by Justice STUMBO.

Appellant, Gary Buis, appeals the decision of the Court of Appeals, which affirmed the Casey Circuit Court's dismissal of his complaint against Roger and Sheila Elliott ("the Elliotts") on the grounds of

res judicata. We accepted discretionary review and hereby reverse the Court of Appeals.

In 1994, the Elliotts entered into a land contract with Cox (not a party to this action), whereby Cox agreed to purchase from the Elliotts two tracts of land in Casey County. In 1998, the Elliotts, believing that Cox had defaulted on payment, re-entered and took possession of the land. Shortly thereafter, the Elliotts agreed to sell the property to Appellant, and immediately delivered possession of the property to Appellant. Appellant then proceeded to make changes to the land by planting and raising tobacco, erecting fencing, installing a gravel roadway, and working on a pond.

In June 1998, Cox filed a complaint against the Elliotts and Appellant in Casey Circuit Court for breach of the land contract. Cox's complaint also included claims against Appellant for trespass, trover, conversion, and interference with a business relationship. Allegedly upon the urging of the Elliotts, Appellant did not respond to the claim and a default judgment was entered against him in October 1998. On August 18, 2000, Appellant was ordered to pay Cox $21,795.22 in total damages. Cox and the Elliotts eventually settled the breach of contract claim. On August 24, 2000, Appellant filed a pro se motion to vacate the judgment against him, which was not immediately ruled upon. Appellant's wife later satisfied the judgment.

On January 12, 2001, Appellant, now represented by counsel, again moved the court to set aside the default judgment and refund monies paid to Cox. Appellant also sought leave to file an answer to Cox's original complaint and to assert a cross-claim against the Elliotts. The court overruled both of Appellant's pending motions with an order entered July 18, 2001, which

stated, "[n]one of the factors cited by the Defendant in his motion to set aside the Default Judgment and to file an answer and counterclaim rise to the level of excusable neglect necessary for such relief."

■ On August 29, 2002, Appellant filed the complaint that is the subject of the current action against the Elliotts, seeking indemnification and damages for breach of contract and unjust enrichment. The trial court dismissed the complaint pursuant to the doctrine of res judicata because in its opinion, the same issues were before the court in the previous action between Appellant, Cox, and the Elliotts, in which Appellant was denied leave to file a cross-claim. The Court of Appeals affirmed the trial court's decision based upon the fact that it was unable to locate the cross-claim filed in the original action before the Casey Circuit Court. The Court of Appeals ruled that the Casey Circuit Court's judgment was presumed to be proper in the absence of the initial cross-claim, as Appellant bore the burden of providing an adequate record on appeal. Judge Johnson dissented by separate opinion, in which he opined that the substance of the initial cross-claim was irrelevant since its dismissal did not constitute a previous adjudication on the merits, and therefore, did not operate as a bar to subsequent litigation. We agree.

■ Res judicata is a doctrine that bars subsequent suits between the same parties and their privies on a cause of action that was previously decided upon its merits. *City of Louisville v. Louisville Prof'l Firefighters Ass'n.*, Ky., 813 S.W.2d 804, 806 (1991). More specifically,

[t]he doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or

issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

*Yeoman v. Commonwealth Health Policy Bd.*, Ky., 983 S.W.2d 459, 464 (1998) (quoting 46 Am.Jur.2d *Judgments* § 514). Res judicata is generally thought of as consisting of two subparts. Claim preclusion "bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action." *Id.* at 465. Issue preclusion, also known as collateral estoppel, bars a party from re-litigating "any issue actually litigated and finally decided in an earlier action." *Id.* In the present case, neither is a bar to Appellant's subsequent suit against the Elliotts.

In the first action initiated by Cox, the trial court entered the following Findings of Fact, Conclusions of Law, and Judgment:

## FINDINGS OF FACT

In April of 1998, the Defendant Gary Buis entered upon the land of the Plaintiffs under a false or mistaken claim that he owned same. He made a gravel roadway, cultivated a field, removed fences and cut timber. His activity of the property persisted after he was advised of the Plaintiff's claim to the property. As a result of his activity on the property, the Plaintiffs were unable to produce a 1998 tobacco crop of 10,326 pounds. Tobacco prices for 1998 were $1.87 per pound. Plaintiffs lost a profit on the lost crop of $13,279.22. The Plaintiffs claim for recovery of $321.00 for crop insurance paid for but not needed is not recoverable since the Plaintiffs would have paid for the insurance if the crop was actually planted. The recovery of the net profit of $13,279.22 makes the Plaintiffs whole with respect to the tobacco crop.

The Court finds that the evidence with respect to loss of timber is too speculative to permit recovery. The Plaintiffs' estimate of $500.00 is not sufficiently supported by credible evidence of the property measure of damages.

The Court finds that the Defendant, Gary Buis, damaged the old house on the property in the sum of $1,196.00 by removing wood from the porches.

The Court finds that as a result of damage to the pasture land, Plaintiffs lost the use of same for grazing and hay production in the sum of $600.00.

Because the trespass was willful, the Court finds that the Plaintiffs are entitled to attorney's fees of $5,250.00, and punitive damages of $750.00.

## CONCLUSIONS OF LAW

From the foregoing findings of fact, the Court concludes that the Plaintiffs, Vicki Black Cox and Terry Lee Cox, are entitled to an award of compensatory damages of $15,795.22, punitive damages of $750.00, and attorney's fees of $5,250.00.

## JUDGMENT

IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiffs recover of the Defendant, Gary Buis, the sum of $16,545.22, plus attorney's fees in the sum of $5,250.00, and their costs expended herein, together with interest at the rate of 12% per annum from the date hereof until paid.

The trial court did not decide any claim or issue between Appellant and the Elliotts; it merely established Appellant's liability to Cox. The trial court denied Appellant's motion for leave to file a cross-claim against the Elliotts as to any issue of

liability between the two defendants. Appellant was not required to file a cross-claim in the original action, as cross-claims in Kentucky are merely permissive and not compulsory. Cr 13.07. As a result, the rights and liabilities between Appellant and the Elliotts were not, nor were they required to be, determined by "an existing final judgment rendered upon the merits" in the original action. *Yeoman,* 983 S.W.2d at 464. Appellant did not have the opportunity to actually litigate the issue of the Elliotts' possible liability to Appellant for indemnification or breach of contract, thus neither is he collaterally estopped from bringing the current action. *Id.* at 465.

This Court long ago held "that a judgment against codefendants is not conclusive as between themselves with respect to their rights and liabilities toward each other unless an issue was made between them or the parties in the second action were adversary parties in the first action." *Brown Hotel Co. v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165, 168 (1949); *see also Clark's Adm'x v. Rucker,* Ky., 258 S.W.2d 9 (1953). Appellant and the Elliotts were co-defendants in the original action brought by Cox; and the causes of action underlying this appeal have never been adjudicated. Accordingly, Appellant is not barred from his claims against the Elliotts for breach of contract, indemnification, and unjust enrichment, pursuant to the doctrine of res judicata.

For the reasons stated above, we reverse the opinion of the Court of Appeals and remand to the Casey Circuit Court for proceedings consistent with this opinion.

All concur.