*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0145p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: SHARRENE WELLS,

                                *Debtor.*

_____

MBNA AMERICA BANK, N.A., part of Bank
of America Corporation,

                                *Appellant,*

      *v.*

MARCIA R. MEOLI, Trustee,

                                *Appellee.*

No. 08-1381

Appeal from the Bankruptcy Appellate Panel of the Sixth Circuit.
No. 06-80634—Jeffrey R. Hughes, Bankruptcy Judge.

Argued: December 5, 2008

Decided and Filed: April 10, 2009

Before: RYAN, SILER, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Lawrence Gary Reinhold, WEINSTEIN & RILEY, Huntington Woods, Michigan, for Appellant. Marcia R. Meoli, HANN, PERSINGER, P.C., Holland, Michigan, for Appellee. **ON BRIEF:** Lawrence Gary Reinhold, WEINSTEIN & RILEY, Huntington Woods, Michigan, for Appellant. Marcia R. Meoli, HANN, PERSINGER, P.C., Holland, Michigan, for Appellee.

_____

## OPINION

_____

RYAN, Circuit Judge. This appeal comes to this court from the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's decision to grant summary judgment in favor of the bankruptcy trustee Meoli. The issue this case presents is whether two $5,000 "convenience checks" paid from the debtor's Chase Bank account to offset the balance on

her MBNA credit card account shortly before filing for bankruptcy are preferential transfers within the meaning 11 U.S.C. § 547(b).  We conclude that they are avoidable preferential transfers and we affirm the bankruptcy court's decision.

## I.

In the 90-day period preceding her petition for bankruptcy protection, the debtor, Sharrene Wells, wrote two convenience checks from her Chase Bank, USA, N.A. account against the debt on her MBNA credit card account.  Chase Bank offered these checks and advertised that they could  be used to "[t]ransfer balances, pay bills, make a purchase, [or] get extra cash."   The convenience checks were made payable through First USA Management Services, Inc.

On October 14, 2005, Wells filed her petition for relief under Chapter 7 of the Bankruptcy Code.  On August 25, 2006, the trustee commenced an adversary proceeding against MBNA to avoid and recover, among other transfers, the amount of the two $5,000 convenience checks Wells wrote from her Chase Bank account to her MBNA account.  The trustee filed a motion for summary judgment arguing that these were preferential transfers within the provisions of § 547(b).  The bankruptcy court granted the trustee's motion and on April 19, 2007, entered a judgment against MBNA in the amount of $10,816.00, which included other transfers that are not at issue in this appeal.

MBNA then appealed the bankruptcy court's judgment to the Bankruptcy Appellate Panel which in turn affirmed the bankruptcy court's decision.  MBNA now appeals to this court.

## II.

On appeal from a bankruptcy court's decision granting summary judgment, we review the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *In re Cannon*, 277 F.3d 838, 849 (6th Cir. 2002).  Summary judgment is appropriate when the pleadings, the discovery and disclosure materials and affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The section of the Bankruptcy Code that grants a bankruptcy trustee the authority to initiate proceedings seeking to set aside preferential transfers is 11 U.S.C. § 547(b). Specifically, § 547(b) states:

> Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
>
> **(1)**     to or for the benefit of a creditor;
>
> **(2)**     for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> **(3)**     made while the debtor was insolvent;
>
> **(4)**     made–
>
> **(A)**     on or within 90 days before the date of the filing of the petition; or
>
> **(B)**     between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> **(5)**     that enables such creditor to receive more than such creditor would receive if–
>
> **(A)** the case were a case under chapter 7 of this title;
>
> **(B)** the transfer had not been made; and
>
> **(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (Westlaw 2007).

Since this case was started prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, all references to the Bankruptcy Code are to the version in effect prior to these revisions. *See* BAPCPA, § 1501(b)(1), Pub. L. No.109-8, 119 Stat. 23.

Neither party disputes that the five elements enumerated in § 547(b)(1)-(5) are satisfied, and Wells does not contend that any exception provided by § 547(c) applies. The only question is whether the two $5,000 convenience checks effected transfers of the debtor's interest in property.

### III.

The answer seems self-evident, but apparently it is not. The leading case resolving the question whether convenience checks constitute the transfer of the drawer's interest in her property is *McLemore v. Third National Bank (In re Montgomery)*, 983 F.2d 1389 (6th Cir. 1993). There, a panel of this court explained that cash equivalents, like credits in a bank

account, may constitute property of the bankrupt estate. *Id.* at 1393-94. The court also explained that the degree of control a debtor exercises over the property transferred is the principal determinant of whether the debtor has "'an interest'" in the property such that its transfer may be avoided under § 547(b). *Id.* at 1395 (citation omitted); *see also In re Dilworth*, No. 08-3389, 2009 WL 790902 (6th Cir. Mar. 27, 2009).

Wells was free to use the convenience checks for any reason she chose, including paying down her credit card balance with MBNA. In making her decision to do just that and then drawing the checks on her Chase Bank credit card account, Wells exercised complete control over the funds drawn, in which she had an ownership interest.

Contrary to MBNA's contention, this is not a case of "earmarking" which has been recognized as an equitable exception to the avoidance rule for preferential transfers, where the borrowed funds used to discharge the debt are specifically earmarked by the *lender* for payment to a designated creditor. *See Mandross v. Peoples Banking Co. (In re Hartley)*, 825 F.2d 1067, 1069 (6th Cir. 1987). Here, the funds were not restricted by Chase to be paid solely to MBNA to be credited against Wells's credit card debt. The checks could have been used to "[t]ransfer balances, pay bills, make a purchase, [or] get extra cash." In such an instance, the debtor possessed sufficient control over the funds to determine where they would go once the credit was accessed.

## IV.

For these reasons, we **AFFIRM** the bankruptcy court's decision.