FIVE STAR LODGING,
INC., Appellant,

v.

GEORGE CONSTRUCTION, LLC.; Cumberland Surety Insurance Co., Inc.; and Lyndon Property Insurance Company, Appellees.

No. 2009–CA–000990–MR.

Court of Appeals of Kentucky.

July 30, 2010.

As Modified Aug. 6, 2010.

Discretionary Review Denied by Supreme Court Aug. 17, 2011.

James M. Morris (argued), Lexington, KY, for appellant.

K. Brad Oakley (argued), John W. Hays, Lexington, KY, for appellees, Cumberland Surety Insurance Co., Inc. and Lyndon Property Insurance Company.

Before MOORE and THOMPSON, Judges; HENRY,[1] Senior Judge.

## OPINION

THOMPSON, Judge:

The issue presented is whether an action against a surety on a performance and payment bond was barred by a two-year time limitation contained in the bond. We agree with the trial court that the action was barred and affirm.

On August 5, 1999, Five Star Lodging, Inc., entered into a construction contract with George Construction, LLC, for the construction of a hotel in Scott County, Kentucky. Pursuant to the terms of the contract, George Construction was required to obtain a performance and payment bond. In anticipation of the contract's execution, on July 28, 1999, and acting through Cumberland Insurance Company as its agent, George Construction procured a performance and payment bond from Lyndon Property Insurance Company on behalf of George Construction as principal and in favor of Five Star as obligee.

Paragraph 12 of the bond provides:

No suit, action, or proceedings shall be brought hereunder by the Obligee unless as a condition precedent, it shall have been commenced within two (2) years from the earlier of the date of the completion of said Contract or the date of beneficial use or occupancy by the Obligee or owner; and no suit, action, or proceeding shall be brought hereunder by any Claimant unless, as a condition precedent thereto, written notice of its claim shall have been given by such Claimant to the Surety at its home office in the City of St. Louis, Missouri, as

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

required by Paragraph 8 herein; and, subject to the foregoing with respect to giving written notice, no suit, action or proceeding shall be brought by any Claimant hereunder unless commenced within twelve (12) months from the last of the material or labor which was furnished or performed at or upon the Project.

George Construction proceeded with construction of the hotel and on August 31, 2000, a certificate of occupancy was issued. Five Star's architect issued an architect's certificate of substantial completion on September 5, 2000, reflecting that substantial completion was effective on August 28, 2000. Documentation in the record reveals that as early as June 2000, guests were lodged in the hotel.

Dissatisfied with the construction, Five Star began corresponding with George Construction and Cumberland regarding its complaints. As a result of its discussions with Five Star's attorney, through written correspondence, Cumberland advised George Construction of the two-year limitation provision in the bond. Specifically, the letter stated in part:

> This letter is in response to your letter of June 13, 2001, and our subsequent telephone conversation June 27, 2001, regarding the above named parties and the current status of the construction project bonded by Lyndon Property Insurance.
>
> I have spoken with Mr. Gene Price of George Construction and with Mr. Bill Hurt, the attorney for George Construction. The consensus is that there needs to be a meeting, on site, to review any areas of the construction your client claims to be defective. The surety will be glad to participate in this procedure with the goal of resolving potential disputes.

On this bond the Obligee, your client, has two years from the completion date, June 21, 2000, in which to bring suit against the surety, should the surety fail to perform according to the terms and conditions of the bond.

Therefore, the surety has no desire to issue a Waiver for any time related conditions on this project. If there are subcontractors to George Construction approaching the one year warranty on workmanship for items not previously noticed directly or through George Construction, you should give these notices immediately.

The surety reserves all rights and defenses under the bond, the contract and the law.

On May 31, 2002, Five Star filed a complaint against George Construction as a result of its dissatisfaction with the hotel construction. Subsequently, the case was placed in abeyance pending arbitration of the dispute and, as a result, George Construction did not file an answer to the complaint. Five Star moved for a default judgment on January 2, 2007, which was granted on February 19, 2007.

On March 1, 2007, approximately seven years subsequent to the issuance of the occupancy permit, the approval of the construction by Five Star's architect, and Five Star's occupancy of the hotel, Five Star sought to amend its complaint against George Construction to add the bond's surety but erroneously named Cumberland. Lyndon then entered the litigation by its own intervention for the purpose of substituting itself for Cumberland. Because Five Star sought compensation for the surety's alleged failure to comply with its obligations under the bond and because Lyndon, not Cumberland, was the surety on the bond, the circuit court dismissed Cumberland from the action on February 11, 2008.

In reliance on paragraph 12 of the surety bond and its two-year time limitation, Lyndon moved for summary judgment arguing that Five Star used or occupied the hotel at least by August 2000, when the certificate of occupancy and the architect's certificate of substantial completion were issued and, therefore, its action was time-barred. The circuit court agreed and sustained Lyndon's motion for summary judgment. This appeal followed.

The rule in this jurisdiction pertaining to a summary judgment is stated as follows:

> The proper standard of review on appeal when a trial judge grants a motion for summary judgment is whether the trial judge correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to a judgment as a matter of law. CR 56.03. It has long been held that a trial judge must view the evidence in the light most favorable to the non-moving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists and then the burden shifts to the party opposing summary judgment to produce at least some affirmative evidence showing that there is a genuine issue of material fact requiring trial.

*First Federal Sav. Bank v. McCubbins*, 217 S.W.3d 201, 203 (Ky.2006) (citations omitted). With this standard as our guide, we turn to the issues presented.

We first dispose of Five Star's appeal of the order dismissing Cumberland. There is no dispute that the construction project was bonded by Lyndon Property Insurance. Although Five Star was apparently confused as to whether Cumberland or Lyndon bonded the property, the performance and payment bond stated that Lyndon bonded the construction project. If there was any ambiguity as to which company bonded the project, it was clarified by the letter written by Cumberland in 2000 to Five Star's counsel wherein it was expressly stated that Lyndon bonded the construction project. We agree with the circuit court that Cumberland could not be liable on the bond issued by Lyndon. Nevertheless, our analysis regarding whether the time limitation in the bond barred Five Star's claim would apply equally to Cumberland and Lyndon.

■ Five Star argues vehemently to this Court that there exists a material issue of fact regarding whether Lyndon had notice of its claim on the bond in August 2000. If Lyndon defended the claim on the basis that it lacked written notice of the claim as provided for in the bond, Five Star's assertion would be relevant. However, the defense asserted and the determinative issue is whether the two-year time limitation in which to commence an action on the bond precluded Five Star's action.

We agree with the circuit court that there is no material issue of fact regarding the date of completion of the hotel. Although Five Star was dissatisfied with the work performed by George Construction, the hotel was nevertheless completed when the certificate of occupancy and the architect's certificate of substantial completion were issued. Thus, the time period in which to commence an action against Lyndon began no later than August 2000.

■ Five Star contends that it was not a party to the bond agreement and, therefore, was not bound by the time limitation. A bond agreement is a contract and the parties to the contract are free to agree upon its terms and conditions, in-

cluding the time period in which an action on the contract must be commenced even if it provides a shorter limitation period than provided by law. *Schultz v. Cooper,* 134 S.W.3d 618 (Ky.App.2003). As a third-party beneficiary of the contract, Five Star was likewise bound by the terms of the bond agreement. *Wehr Constructors, Inc. v. Steel Fabricators, Inc.,* 769 S.W.2d 51 (Ky.App.1988). If Five Star had an objection to the time limitation in the performance and payment bond, it could have simply rejected it and required George Construction to procure a performance and payment bond without the time limitation. However, it accepted the bond by its execution of the contract with George Construction and was bound by its terms.

Five Star attempts to avoid the unequivocal language in the bond. It asserts that the default judgment entered against George Construction and the subsequent order of the circuit court establishing damages against George Construction in the amount of $2,553,492 as a result of its faulty and untimely construction of the hotel foreclosed Lyndon from asserting the time limitation. Essentially, Five Star attempts to impute the default judgment entered against George Construction to Cumberland and Lyndon who were not parties to the proceedings and had no opportunity to defend the action.

In its discussion of the issue, Five Star has erroneously interchanged the terms "law of the case," "equitable estoppel" and *"res judicata."* A cursory review of the three legal doctrines reveals that each is distinct and that in this situation none is applicable.

■ The law of the case doctrine embodies the rule that "an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal however erroneous the opinion or decision may have been." *Union Light, Heat & Power Co. v. Blackwell's Adm'r,* 291 S.W.2d 539, 542 (Ky.1956). It is simply not applicable to the issue of whether the default judgment precluded Cumberland and Lyndon from asserting the time limitation in the bond as a defense to Five Star's action.

■ Nor is equitable estoppel applicable. To establish an equitable estoppel claim against Cumberland and Lyndon, Five Star would have to demonstrate: (1) lack of knowledge or means of knowledge of the truth; (2) reliance, in good faith, based on something Cumberland or Lyndon did or did not do or state; and (3) resulting action or inaction by Five Star that changed its position or status for the worse. *Fluke Corp. v. LeMaster,* 306 S.W.3d 55, 62 (Ky.2010). There is absolutely no evidence that Five Star was intentionally misled by either Cumberland or Lyndon and, as a result, that Five Star relied on a misrepresentation when it failed to commence an action against the surety on the bond within the two-year period. To the contrary, in June 29, 2000, Cumberland specifically advised Five Star that it had "two years from the completion date, June 21, 2000, in which to bring suit against Lyndon should Lyndon fail to perform according to the terms and conditions of the bond."

■■ Finally, the doctrine of *res judicata* does not preclude the assertion of the two-year time limitation defense. Five Star argues that its reliance on this doctrine caused it not to file an action against either Cumberland or Lyndon prior to March 2007. However, the law in this jurisdiction is settled. A default judgment entered against a principal is not binding upon a surety and *res judicata* does not prevent the surety from defending any argument it could have made had it been a

party to the underlying action against the principal. *Ohio Cas. Ins. Co. v. Kentucky Natural Resources,* 722 S.W.2d 290 (Ky. App.1986).

■ Although the result in this case is harsh, we will not deviate from established Kentucky law. The doctrine of *res judicata* is applicable only where there is identity of the parties, identity of the causes of action asserted and a judgment on the merits. *Yeoman v. Commonwealth Health Policy Bd.,* 983 S.W.2d 459, 465 (Ky.1998). Certainly the parties are not identical and the causes of action against George Construction for breach of the construction contract and negligent construction of the hotel are distinct from the claim asserted on the bond. Moreover, a default judgment is not a judgment on the merits and, in this case, the order establishing damages was entered after summary judgment was granted to Cumberland and Lyndon. *Buis v. Elliott,* 142 S.W.3d 137, 139–140 (Ky.2004).

■ Finally, Five Star requests that this Court invoke principals of equity and grant it relief against Cumberland and Lyndon. Ordinarily, lack of knowledge of one's rights is insufficient to prevent operation of a time limitation. *Wilson v. Paine,* 288 S.W.3d 284, 286 (Ky.2009). However, Five Star points out that whether found in statutory law or by agreement between the parties, a time limitation in which an action can be commenced can be tolled when a party is estopped from relying on the limitation by virtue of a misrepresentation or concealment. *Harralson v. Monger,* 206 S.W.3d 336, 339 (Ky.2006).

We have previously stressed that Cumberland explicitly informed Five Star that an action against the surety must have been commenced within two years of June 2000. There is absolutely no evidence that Cumberland or Lyndon misrepresented any facts or failed to divulge any information which would have prevented Five Star from filing a claim on the bond.

We conclude that Cumberland was properly dismissed as a party because it was not the surety on the performance and payment bond. We further conclude that any action against Cumberland or Lyndon on the bond as surety was time-barred by the terms of the bond.

The order dismissing Cumberland as a party and the summary judgment in favor of Lyndon Property Insurance Company are affirmed.

ALL CONCUR.